IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHRISTOPHER MARSHALL**                                                                 **PLAINTIFF**

vs.                                                          No. 5:21-cv-762

**CASTLE & COOKE MORTGAGE, LLC**                                      **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Christopher Marshall ("Plaintiff") by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Castle & Cooke Mortgage, LLC ("Defendant"), he states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II.  JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

5. Plaintiff is an individual and resident of Bexar County.

6. Defendant is a foreign limited liability company.

7. Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

8. Defendant, in the course of its business, maintains a website at https://www.castlecookemortgage.com/.

### IV.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant owns and operates a mortgage and loan company.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Defendant employed Plaintiff as a Mortgage Underwriter from December of 2020 until June of 2021.

14. Defendant paid Plaintiff an hourly wage and classified him as nonexempt from the overtime provisions of the FLSA.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. As a Mortgage Underwriter, Plaintiff was primarily responsible for reviewing loans and mortgages, approving or denying loans, and handling issues both pre-closing and post-closing.

18. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

19. Plaintiff regularly worked hours for which he was not paid.

20. Most or all of Plaintiff's work was timestamped in a computer system.

21. Defendant maintains and has always maintained the computer records that let it know that Plaintiff is doing valuable work for it outside of the hours for which he was paid.

22. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

23. Defendant did not pay Plaintiff 1.5x his regular rate for all hours over 40 each week.

24. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked over 40 each week.

25. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.   CLAIM FOR RELIEF—VIOLATION OF THE FLSA

26. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

27. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

28. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

29. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

30. Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

31. Defendant failed to pay Plaintiff for all hours worked.

32. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

33. Defendant knew or should have known that its actions violated the FLSA.

34. Defendant's conduct and practices, as described above, were willful.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

36. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Marshall respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CHRISTOPHER MARSHALL**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com